**Zoe Desloge LIPPMAN, et al.,
Respondents,**

v.

**Joseph DESLOGE, Jr., et al.,
Appellants.**

**No. 47235.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Edward K. Fehlig, Clayton, for appellants.

Franklin F. Wallis, St. Louis, for respondents.

REINHARD, Judge.

This is an appeal from an order approving a survey completed pursuant to a settlement agreement in a partition action.

Zoe Desloge Lippman, Anne Desloge Bates, and Joseph Desloge, Jr., individually and as trustees of two trusts are tenants in common in approximately 1300 acres of land in northwestern St. Louis County. In August, 1980, Zoe Desloge Lippman, Anne Desloge Bates and certain contingent beneficiaries of the trusts, filed an amended petition for partition. The petition requested that the property be partitioned in kind. In November, 1980, the trial court approved a settlement agreement entered into by all parties. The settlement agreement provided that the property would be partitioned in kind in accordance with an Appendix attached to the settlement agreement. The Appendix allocated separate

parcels to the three individuals and the two trusts. The parties further agreed:

> to implement this settlement agreement and effect legal division of the property with all possible dispatch, and hereby instruct their respective legal counsel to immediately arrange for as complete and accurate survey of the Property and their respective portions thereof, and for such deeds, easements and other instruments as may be necessary to convey title and other interests so as to give each tenant in common an absolute and undivided fee simple interest in his, her or their respective portions of the Property.

The parties also recognized that:

> [U]pon a complete survey of the Property to be divided, minor adjustments in acreages or boundaries [sic] lines may be necessary in order to effect such division, *and hereby agree to such adjustments* which most proportionately conform in value and allocation to the division outlined in Appendix A hereto and are effective to fully implement this Agreement.

(emphasis added).

Thereafter, in accordance with the settlement agreement and the court order, a survey was completed on July 21, 1981. It established substantial land value disparities in favor of Mrs. Bates and Mrs. Lippman and against Joseph Desloge, Jr.

Three adjustments in boundary lines among the parcels were made to equalize the value of the holdings between the parties. A second survey was completed and legal descriptions of the parcels were obtained. Plaintiffs thereupon requested the Court to approve this survey and the legal descriptions. Joseph Desloge, Jr. was the only party to file objections to the second survey. A hearing was held. On March 8, 1983, the trial court entered its order approving the survey from which ruling Joseph Desloge, Jr. has appealed.

On appeal he contends that the order approving the survey "departs substantially from the settlement agreement." He cites *Zink v. Pittsburg and Midway Coal Mining Co.*, 374 S.W.2d 158 (Mo.App.1964)

and *Guild Management Co. v. Oxenhandler*, 541 S.W.2d 687 (Mo.App.1976) for the proposition that a written contract cannot be modified in a material manner unless the modification agreement is likewise in writing. We do not find these cases applicable. The settlement agreement was not modified, but rather, was implemented in accordance with the terms contained in the agreement which he signed. We have examined the entire record, including the surveys, plats, pleadings and the testimony of Joseph Desloge, Jr. at the hearing, and find that the trial court did not err in entering its order approving the survey.

Affirmed in accordance with Rule 84.-16(b).

KAROHL, P.J., and CRANDALL, J., concur.